UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re JOSHUA JEREMY MARKIN,

    Debtor,

JAMES EDWARD SCHMIDT,

    Appellant.

Case No. 10-11325
Honorable Julian Abele Cook, Jr.

## ORDER

On September 14, 2009, Joshua Jeremy Markin filed an involuntary petition for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. On April 2, 2010, one of Markin's listed creditors, the *pro se* appellant in this case, James Edward Schmidt, filed a notice of appeal from an order issued by the United States Bankruptcy Court for the Eastern District of Michigan.[1] In addition to this pleading, Schmidt also filed a motion for accommodations. Neither Markin nor any other creditor in this case has submitted any responsive briefs to Schmidt's motions. The Court will address these two requests below.

I.

The Court will first address Schmidt's motion for accommodations. In this pleading, Schmidt states that he is legally blind and that while another person had been transporting him to

---

[1] In addition to the notice filed in this case, on April 13, 2010 Schmidt filed a similar pleading seeking to appeal another order of the Bankruptcy Court from the same bankruptcy case. That notice initiated Case No. 10-11464.

1

hearings and creditors meetings in the bankruptcy proceedings, this person has become ill and is no longer able to assist him. As such, Schmidt requests that any hearings convened by the Court in this matter be conducted via telephone, so that he is able to participate. He also asserts that he has secured this relief from the Bankruptcy Court, which has agreed to conduct its formal proceedings with Schmidt via teleconference.

Based on the representations made by Schmidt in his motion, the Court concludes that his request for accommodations is justified. Therefore, any hearings and/or conferences convened by the Court will be conducted through a teleconference.

II.

The Court now turns to the Schmidt's notice of appeal. Schmidt submitted this document for the purpose of appealing an order entered by the Bankruptcy Court on November 10, 2009 and which set aside a previous order, thereby reinstating the waiver of filing fees for Schmidt. Inasmuch as Schmidt's notice of appeal also seeks permission from the Court to institute an appeal, the Court will also construe his notice as a request for leave to file an appeal.

Congress has decreed that federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees entered by bankruptcy judges. 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Pitcher*, 2010 U.S. Dist. LEXIS 52689 at *1 (E.D. Mich. May 28, 2010) (citations omitted). Interlocutory orders (i.e., orders that are not final) issued by bankruptcy judges may be appealed only where the district court grants leave to appeal – a decision wholly within its discretion. *See* 28 U.S.C. § 158(a)(3); *Id.* at *2. However, litigants have a period of fourteen days from the date of the entry of the interlocutory order to file a motion with the district court seeking

leave to appeal. *Id.* (citing Fed. R. Bankr. P. 8003(c)).

Here, the order issued by the Bankruptcy Court neither (1) involves the merits of the bankruptcy proceeding nor (2) ends the litigation. Thus, the Court concludes, and Schmidt appears to concede, that this is an interlocutory order which is not appealable as of right. Although Schmidt has filed a request for leave to appeal the aforementioned order of the Bankruptcy Court, he has not done so in a timely fashion. The notice of appeal, filed in April of this year, was submitted nearly five months after the interlocutory order that Schmidt seeks relief from. Therefore, without addressing the merits, if any, of Schmidt's request, the Court must, and does, deny his motion seeking leave to appeal.

III.

Accordingly, the Court (1) grants Schmidt's motion for accommodations and (2) denies his request for leave to appeal. In addition, because this lawsuit was commenced for the purpose of hearing this bankruptcy appeal and the Court has determined that an interlocutory appeal is inappropriate at this time, this case is hereby closed.

IT IS SO ORDERED.

Dated:  August 23, 2010                     s/Julian Abele Cook, Jr.
        Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                            United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 23, 2010.

                                            s/ Kay Doaks
                                            Case Manager